# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-3786

———————

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Southern District of Iowa. |
| Daniel Pena Ramirez, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

———————

Submitted: October 22, 2010
Filed: October 28, 2010

———————

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

———————

PER CURIAM.

After Daniel Pena-Ramirez (Ramirez) pled guilty to drug conspiracy and weapon charges, the district court[1] imposed the mandatory minimum of 120 months on the drug conspiracy count, *see* 21 U.S.C. § 841(b)(1)(A), and the mandatory minimum of 7 years on the firearm count after concluding that Ramirez brandished the firearm during the underlying drug trafficking offense, *see* 18 U.S.C. § 924(c)(1)(A). On appeal, counsel moved to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967). Ramirez filed a pro se supplemental brief.

---

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

The arguments raised in the *Anders* brief fail.  Counsel argues that Ramirez's guilty plea was involuntary, but this claim is not cognizable here because Ramirez did not attempt to withdraw his guilty plea below.  *See United States v. Villareal-Amarillas*, 454 F.3d 925, 932 (8th Cir. 2006).  Next, we reject counsel's argument that the government's refusal to file a substantial-assistance departure motion violated due process:  nothing in the record supports such an argument and Ramirez did not even attempt to compel the government to file a departure motion.  Third, we reject counsel's challenge to the district court's finding that Ramirez brandished the handgun at issue, because the government provided evidence at sentencing that Ramirez displayed a handgun to an undercover officer to whom Ramirez was going to front methamphetamine to ensure that the officer would pay his drug debt.  *See* 18 U.S.C. § 924(c)(4) ("brandish" means to display all or part of firearm in order to intimidate person).

Finally, circuit precedent forecloses Ramirez's argument that the plain language of section 924(c)(1) forbids the imposition of its mandatory minimum sentence when a defendant is subject to another larger mandatory minimum sentence.  *See United States v. Cisneros-Gutierrez*, 598 F.3d 997, 1007 (8th Cir. 2010); *United States v. Alaniz*, 235 F.3d 386, 389 (8th Cir. 2000).[2]

We reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), and found no nonfrivolous issues for appeal.  Accordingly, we affirm the judgment of the district court.  We grant counsel's motion to withdraw, subject to counsel informing Ramirez about procedures for seeking rehearing or filing a petition for certiorari.

---

[2]We are cognizant of the Supreme Court's recent grant of certiorari in *Abbott v. United States*, 130 S. Ct. 1284 (2010), and *Gould v. United States*, 130 S. Ct. 1283 (2010) (consolidated with *Abbott*), to determine whether the "any other provision" language of section 924(c)(1)(A) includes the underlying drug-trafficking offense.